IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **LEANDRO GONZALES** | § § § | |
| v. | § § | Civil Action No.   2:23-cv-00036 |
| | § § § | |
| **LB & B ASSOCIATES INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **LEANDRO GONZALES**, hereinafter referred to as "Plaintiff," bringing this cause of action under the Americans with Disabilities Act of 1990 (ADA) as Amended, the Texas Commission on Human Rights Act, the Rehabilitation Act, and the Family and Medical Leave Act against Defendant **LB & B ASSOCIATES INC**. For cause of action, Plaintiff respectfully shows unto the Court the following:

## I.
## PARTIES

1.   Plaintiff **LEANDRO GONZALES** is an individual who formerly worked for Defendant within the Southern District of Texas, Corpus Christi Division.

1

2. Defendant **LB & B ASSOCIATES INC**. is a Maryland Corporation that formerly employed Plaintiff and does business in the Southern District of Texas Corpus Christi Division.  Defendant may be served with process by certified mail by serving its registered agent CT Corporation System 1999 Bryan St., Ste. 900 Dallas, TX 75201.  A waiver of service has been requested.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331  because Plaintiff has asserted a claims arising under federal laws specifically the Americans with Disabilities Act as amended, (ADA) the Rehabilitation Act, and the Family and Medical Leave Act (FMLA).

4. This court has supplemental jurisdiction over Plaintiff's state law claims under the Texas Commission on Human Rights Act (TCHRA) under 28 U.S.C. §1367.

5. Venue is proper in the Southern District of Texas, Corpus Christi Division because the relevant events occurred within the Southern District of Texas Corpus Christi division.

## III.
## MISNOMER/MISIDENTIFICATION

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## RESPONDEAT SUPERIOR

7. Employees involved in this cause of action were, at all times described herein, employees of Defendant and were always acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

## V.
## FACTUAL BACKGROUND

8. Plaintiff Leandro Gonzales is a former employee of Defendant LB & B. Defendant is a contractor at the Naval Air Station Corpus Christi (NASCC) and provides aircraft refueling services.

9. Gonzales worked for contractors at the NASCC for over 23 years. LB & B has held the contract for the last 4-5 years.

10. Gonzales believes and therefore asserts that Defendant LB & B had at least 15 employees at all times relevant to this suit and therefore

3

Defendant is an "employer" for purposes of the Americans with Disabilities Act.

11. Plaintiff worked for LB & B providing services to the Navy, Marine Corps' and Coast Guard under a contract with the Federal government. Plaintiff believes and therefore asserts that he was employed in a program that received federal funds.

12. Gonzales' primary job duties with LB & B were as a Heavy Equipment Mechanic/Fuel Truck Driver. Gonzalez' primary duties were split evenly between repair work as a mechanic and work as a fuel truck driver.

13. Gonzales was diagnosed with rectal cancer on or about January of 2021. This condition interferes with the major life activities of digestive and excretory system functioning.

14. Gonzles went on medical leave the last week of June 2021. He had a surgery related to his cancer on July 1, 2021.

15. Plaintiff was covered under the FMLA because he had worked for Defendant for at least 1250 hours within the 12 months before he took leave. Additionally, Defendant employed at least 50 employees within a 75 mile radius of the facility Plaintiff worked at.

16. Gonzales received pelvic radiation treatment and had major abdominal surgery as a result of the cancer.

17. On December 16, 2021, Gonzales' doctor cleared him to return to work with restrictions. Due to his cancer as well as the surgery and radiation treatment he received to treat his cancer; Gonzales had bowel dysfunction. Because of this, Gonzales would need to use the restroom frequently and on short notice. The requested accommodation was that he be given bathroom access while working.

18. At that time Gonzales was able to return to work as a mechanic because he would only have to work in the repair shop, which was very close to a bathroom. Despite this, Defendant would not return him to work as a mechanic.

19. On or about January 8, 2022 Gonzales had a phone conversation with his supervisor Mark Delgado. Delgado told Gonzales that he had been informed by his superiors that he should tell Gonzales that he was not going to be put on the work schedule so he could focus on his health and getting better.

20. Delgado told Gonzales that his superiors had told him to tell Gonzales that he should contact Delgado when he was ready to return to work.

21. On January 10, 2022 Plaintiff was informed by Defendant that he was being separated "in the best interests of the project" and that his separation would be classified as a lay off with no recall rights under the collective bargaining agreement.

## VI.
## DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AS AMENDED AND THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

22. The evidence will show that:

    (1) Defendant had at least 15 employees at all times relevant to this case and is an "employer" under the ADA and TCHRA;

    (2) Plaintiff is disabled under the ADA and TCHRA (cancer and bowel disfunction);

    (3) Plaintiff is qualified for his position;

    (4) Plaintiff suffered an adverse employment action in that he was terminated by Defendant; and

    (5) The circumstances arising raise an inference of disability discrimination.

23. Defendant did not accommodate Plaintiff despite having work he could do.

24. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VII.
## <u>RETALIATION FOR REQUESTING ACCOMODATIONS UNDER THE AMERICANS WITH DISABILITIES ACT AS AMENDED AND THE TEXAS COMMISSION ON HUMAN RIGHTS ACT</u>

25. The evidence will show that:

    (1) Defendant had at least 15 employees at all times relevant to this case and is an "employer" under the ADA and TCHRA;

    (2) Plaintiff is disabled under the ADA and TCHRA (cancer and bowel disfunction);

    (3) Plaintiff is qualified for his position;

    (4) Plaintiff suffered an adverse employment action in that he was terminated by Defendant following his request for accommodations; and

    (5) The circumstances arising raise an inference of retaliation.

26. Defendant did not accommodate Plaintiff despite having work he could do. Defendant told Plaintiff he would be able to return to work following his treatment then terminated him.

27. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VIII.
## <u>DISCRIMINATION UNDER THE REHABILITATION ACT</u>

28. To the extent Defendant receives any federal funds, Plaintiff asserts a claim under the Rehabilitation Act for discrimination.

29. Plaintiff hereby incorporates the preceding paragraphs for all purposes.

30. Plaintiff is an individual with a disability, as defined by the REHABILITATION ACT, as amended, see 29 U.S.C. §705(20).

> (1) Plaintiff was disabled due to his cancer and bowel dysfunction, which limited the major life activities of digestive and excretory system function;
>
> (2) Plaintiff is qualified for his position;
>
> (3) Plaintiff suffered an adverse employment action in that he was demoted and is not being assigned shifts; and
>
> (4) The circumstances raise an inference of disability discrimination.

31. Defendant violated the REHABILITATION ACT 29 U.S.C. §794(a), as amended, by discriminating against Plaintiff because of his disability under any program or activity receiving Federal financial assistance. In doing so, Defendant intentionally and with deliberate indifference to Plaintiff's federally protected rights.

32. Defendant's discriminatory acts violate 42 U.S.C. §1211 *et. seq.*, as amended, which are incorporated into the REHABILITATION ACT under 29 U.S.C. §794(d).

## IX.
## RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

33. The evidence will show that:

    (1) Plaintiff was protected under the FMLA; He had worked for Defendant for at least 1250 hours within the 12 months before he took leave. Additionally, Defendant employed at least 50 employees within a 75 mile radius of the facility Plaintiff worked at

    (2) Plaintiff suffered an adverse employment action;

    (3) The decision to terminate Plaintiff was made because he sought protection under the FMLA.

34. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## X.
## ATTORNEY'S FEES

35. It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to

prosecute this action as authorized under the ADA, TCHRA, Rehabilitation Act, and FMLA. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

a. Preparation and trial of the claim, in an amount the jury deems reasonable;

b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

c. An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

d. Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

e. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.
## DAMAGES

36. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant:

a. Lost wages in the past and future.

b. Compensatory damages for mental anguish, harm to professional reputation and inconvenience related to the ADA, TCHRA Rehabilitation Act claims.

   c. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

   d. All reasonable and necessary costs incurred in pursuit of this suit;

   e. Expert fees as the Court deems appropriate;

   f. Pre and Post judgment interest as allowed by law;

## XII.
## JURY DEMAND

37. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XIII.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**/s/** *Alan Braun*
Adam Poncio
State Bar No. 16109800
Southern District ID No. 194847
salaw@msn.com
Alan Braun
State Bar No. 24054488
Southern District ID No. 1428056
abraun@ponciolaw.com

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Rd., Suite 310
San Antonio, Texas 78229
Telephone: (210) 212-7979
Facsimile: (210) 212-5880
ATTORNEYS FOR PLAINTIFF